No. 96-683

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BARRON SCOTT MARTIN,

Defendant and Appellant.

FILED

JUN 09 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Twelfth Judicial District,
                In and for the County of Hill,
                The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Carl S. White, Attorney at Law, Havre, Montana

        For Respondent:

                Hon. Joseph P. Mazurek, Attorney General;
                Patricia J. Jordan, Assistant Attorney General;
                Helena, Montana

                David G. Rice, Hill County Attorney; Anders T. Berry,
                Deputy Hill County Attorney; Havre, Montana

Submitted on Briefs: May 8, 1997

Decided: June 9, 1997

Filed:

_____
Clerk

Justice Jim Regnier delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Barron Scott Martin was charged by information with attempted deliberate homicide by accountability. Martin moved to exclude the testimony of all witnesses not listed on the information and all exhibits not listed on a timely exhibit list. The Twelfth Judicial District Court, Hill County, allowed the witnesses to testify and the exhibits to be introduced into evidence. Martin was convicted by a jury of the lesser offense of aggravated assault by accountability. Martin appeals from these two District Court rulings. We affirm.

The issue on appeal is whether the District Court erred in denying Martin's motion to exclude the State's witnesses and exhibits on the grounds that the State failed to list its witnesses and exhibits on the information and failed to timely notify Martin of its witnesses prior to trial.

## FACTUAL BACKGROUND

On April 19, 1996, the Deputy County Attorney for Hill County filed a motion for leave to file an information charging Barron Scott Martin with the felony offense of attempted deliberate homicide, or in the alternative, felony assault; burglary, or in the

2

alternative, felony theft; and misdemeanor theft. Later, at the arraignment on April 23, Martin appeared with his attorney and waived the reading of the information.

An omnibus hearing was held on May 14, 1996. The District Court and the parties discussed the whereabouts of the victim, David Azure. At the hearing, the court inquired of defense counsel whether he needed anything and he replied, "Not that I'm aware of. I've had access to all the physical evidence, the photographs, and I believe all the reports." The court then asked whether the defendant wanted to interpose a defense of justifiable use of force. The defense counsel said "yes," and indicated that he would call witnesses to support that defense, including, he stated, "All of the State's listed witnesses, the three juvenile co-defendants, and I believe there's a woman named Stromburg who would be a witness." The District Court then set a July 5 deadline for both the prosecution and the defense to identify witnesses by providing each other with a witness list.

The State failed to file a supplemental witness list on July 5, 1996, as required by the District Court. On July 11, the State moved to endorse five witnesses, without objection by the defendant. On July 17, the State moved to endorse one additional witness, again without objection by the defendant. On July 26, twenty-one days after its witnesses and exhibit list was due, the State filed and mailed defense counsel a notice of witnesses and exhibits. Because the notice was mailed on a Friday, it did not arrive in defense counsel's mail until Monday, July 29, less than twenty-four hours before trial. On July 29, the State filed a

3

supplemental notice of witnesses and exhibits. That notice was also mailed to defense counsel who did not receive it until after one full day of trial.

A jury trial commenced on July 30, 1996. Following the voir dire and opening statements, defense counsel requested he be allowed to make a motion outside the presence of the jury. At that time, he moved to exclude all of the State's witnesses who were not endorsed on the information. Defense counsel stated he was objecting to each witness not previously endorsed and every exhibit because he was not notified prior to twenty-four hours before trial. A witness list was not on the information, as required by § 46-11-401(2), MCA. The county attorney stated for the record that his copy of the information had the witness list attached, however, defense counsel said that the witness list was not attached to his. In the district court file, the witness list did appear with the motion, rather than on the information. The District Court noted that § 46-11-401, MCA, requires that an information must include a list of witnesses, if known, but also states that matters of form which do not prejudice will not cause an information to be dismissed.

A discussion was held regarding a continuance. The State conceded that it could not prove its case without the witnesses and exhibits objected to. The county attorney stated he would not object to a continuance, pursuant to § 46-15-329, MCA, to allow defense counsel to interview the witnesses. However, defense counsel made no request for a continuance. Over Martin's objection, the District Court determined there would be no prejudice to the defense and allowed the witnesses to testify and exhibits to be introduced into evidence.

4

Martin was convicted by the jury of the lesser offense of aggravated assault by accountability.

## DISCUSSION

Did the District Court err in denying Martin's motion to exclude the State's witnesses and exhibits on the grounds that the State failed to list its witnesses and exhibits on the information and failed to timely notify Martin of its witnesses prior to trial?

Discretionary rulings of a district court include trial administration issues, post-trial motions, and similar rulings. *Montana Rail Link v. Byard* (1993), 260 Mont. 331, 337, 860 P.2d 121, 125. This Court reviews a district court's evidentiary rulings to determine whether there has been an abuse of discretion. *Cartwright v. Equitable Life Assurance* (1996), 276 Mont. 1, 19, 914 P.2d 976, 987.

Martin seeks reversal of his conviction and the dismissal of the information charging him because of the State's failure to attach a list of witnesses and exhibits on the information, allegedly without good cause. The State argues that the failure to attach a list of witnesses and exhibits on the information was inadvertent and that the substantial rights of Martin were not prejudiced by the State's error.

Section 46-11-401, MCA, provides in relevant part:

**Form of charge.** (1) The charge must be in writing and in the name of the state or the appropriate municipality and must specify the court in which the charge is filed. The charge must be a plain, concise, and definite statement of the offense charged, including the name of the offense, whether the offense is a misdemeanor or felony, the name of the person charged, and the time and

place of the offense as definitely as can be determined. The charge must state for each count the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

(2)     If the charge is by information or indictment, it must include endorsed on the information or indictment the names of the witnesses for the state, if known.

. . . .

(6)     A charge may not be dismissed because of a formal defect that does not tend to prejudice a substantial right of the defendant.

Martin argues that the failure of the District Court to exclude the witnesses and exhibits that he objected to amounted to prejudice against him. Martin asserts that the number of potential witnesses and exhibits was so great that defense counsel had no reasonable means of anticipating what witnesses or exhibits might be used during the trial. Without proper notice, Martin contends, allowing the State to introduce the witnesses and exhibits objected to resulted in an unfair surprise against him.

The State counters that if the information was incomplete pursuant to § 46-11-401(2), MCA, Martin should have raised an objection to it at the omnibus hearing on May 14, 1996, pursuant to § 46-13-101(2), MCA. Under § 46-13-101(1) and (2), MCA, the failure of a party to raise an objection that could be made at the omnibus hearing constitutes a waiver of that objection. The State argues that defense counsel waited until the trial to raise the issue when he believed that jeopardy had attached to constitute reversible error. Finally, the State concludes that the rights of Martin were not substantially prejudiced by the District Court's failure to exclude the witnesses and exhibits objected to because Martin knew or should have reasonably known who the State would call to testify against him.

6

If Martin felt prejudiced at trial, both the District Court and the county attorney had no objection to a continuance. However, defense counsel did not request a continuance and proceeded with the trial. The District Court observed that the affidavit in support of leave to file information mentions the witnesses who were participants, as well as the police officers, that defense counsel for Martin had been provided with all of the statements, and that the victim had been arrested and was available to the defense. The District Court also stated that Martin had received actual notice of all the witnesses. Finally, the District Court determined that Martin would not be prejudiced by allowing the witnesses to testify and the exhibits to be introduced.

This Court concludes that the District Court did not abuse its discretion in denying Martin's motion to exclude all witnesses and exhibits that the State failed to attach on the information served upon him. In *State v. Haag* (1978), 176 Mont. 395, 578 P.2d 740, we were confronted with a similar case where a county attorney failed to include a list of known witnesses on the information. In *Haag*, the defendant notified the State at the arraignment that the information had not included a witness list, but the State failed to produce one until the day of trial. This Court stated:

> If a county attorney fails to list known witnesses on an Information, we cannot say he necessarily lacks good cause to add the witnesses, if he does so promptly and in good faith after the omission is brought to his attention. Nor do we hold that a defendant who is aware that there are no witnesses listed on an Information may remain silent and fail to request a list of witnesses, thereby hoping to cultivate reversible error through the county attorney's unnoticed inadvertence.

7

*Haag*, 176 Mont. at 403, 578 P.2d at 745.

In this case, however, defense counsel failed to bring the error to the county attorney's attention. In fact, it appears that defense counsel was "hoping to cultivate reversible error" by failing to notify the county attorney that a list of witnesses and exhibits was not on the information. Defense counsel could have notified the county attorney and objected to the information at the omnibus, but failed to do so. Under § 46-13-101(2), MCA, a failure to make this objection constitutes a waiver of the objection.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

June 9, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

CARL S. WHITE
Attorney at Law
412 SECOND AVENUE
HAVRE MT  59501

Hon. Joseph P. Mazurek, Attorney General
Patricia Jordan, Assistant
Justice Building
Helena MT  59620

*by hand*

ANDERS T. BERRY
DEPUTY HILL COUNTY ATTORNEY
P O BOX 500
HAVRE MT  59501-0500

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy